■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD HILL, Appellant.—Judgment, Supreme Court, Bronx County (Robert Cohen, J., at suppression hearing; William Martin, J., at jury trial), rendered September 27, 1988, convicting defendant, after jury trial, of robbery in the first degree and sentencing him, as a predicate felony offender, to an indeterminate prison term of from 7 to 14 years, unanimously affirmed.

On November 23, 1987, Vincent Glynn, who was talking with his four-year-old brother and friend Bobby, was robbed at gunpoint by defendant and an accomplice. After defendant and his accomplice fled, Glynn and several other friends gave chase, joined by two housing police officers. Within minutes, defendant was apprehended and identified by Glynn as the perpetrator.

Defendant now asserts that the trial court erroneously denied his request for a missing witness charge with respect to

Glynn's brother and Bobby. A defendant who requests such charge has the initial burden of establishing that: (1) the witness possesses knowledge relating to a material issue pending in the case; (2) the witness would be expected to offer noncumulative testimony favorable to the opposing party; and (3) the witness is "available" to the opposing party. *(People v Gonzalez,* 68 NY2d 424, 427.) Defendant failed to establish these threshold requirements. There is nothing in the record to support the argument that Vincent's brother and friend had any better opportunity than Vincent to view defendant and his cohort during the crime, and consequently, that their testimony would not have been cumulative. Concur—Murphy, P. J., Sullivan, Milonas, Asch and Smith, JJ.